UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:16-cv-05531-CAS(AGRx) | Date | December 1, 2016 |
|---|---|---|---|
| Title | JENNIFER DARLIN HURT v. SAM'S CLUB ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF JENNIFER DARLIN HURT'S MOTION TO REMAND (Dkt. 7, filed August 24, 2016)

## I. INTRODUCTION

On September 25, 2015, plaintiff Jennifer Darlin Hurt filed this action in Los Angeles County Superior Court against defendants Sam's Club, Sam's West, Inc. (doing business as Sam's Club), Wal-Mart Stores, Inc., and Does 1–50 inclusive. Dkt 1-2, Ex. A. ("Compl."). The complaint alleges damages exclusively under California law and arises out of a slip-and-fall that occurred on the premises of a Sam's West store. Plaintiff alleges two claims: negligence and premises liability. Id.

Defendant Sam's West was served with the summons and complaint on June 27, 2016. On July 25, 2016, Sam's West removed this action to this Court. Dkt. 1 ("Notice of Removal").

On August 24, 2016, plaintiff filed a motion to remand this action to state court. Dkt. 7 ("Motion"). On October 17, 2016, Sam's West filed an opposition. Dkt. 11 ("Opp'n"). Plaintiff did not file a reply.

Having carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-05531-CAS(AGRx) | Date | December 1, 2016 |
|---|---|---|---|
| Title | JENNIFER DARLIN HURT v. SAM'S CLUB ET AL. | | |

statute. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As a result, the party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. 10-cv-01893-RGK-DTB, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

Where "plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); see also Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (same). The Court may look to the defendant's factual statements in its notice of removal when assessing the amount in controversy. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In determining whether the amount in controversy requirement is satisfied, the Court may also consider settlement communications between the parties. See Cohn v. Petsmart, Inc., 281 F.3d 837 (9th Cir. 2001) (finding the amount in controversy requirement satisfied based on a settlement letter and the plaintiff's failure to disavow the valuation of the case reflected therein).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:16-cv-05531-CAS(AGRx) | Date | December 1, 2016 |
|---|---|---|---|
| Title | JENNIFER DARLIN HURT v. SAM'S CLUB ET AL. | | |

However, conclusory allegations of an amount, unsupported by facts, are insufficient to meet the removing party's burden. Gaus, 980 F.2d at 567.

## IV.   DISCUSSION

Plaintiff alleges that she is a citizen of California, that Wal-Mart is incorporated in Delaware, and that Sam's West and Sam's Club conduct business in California. Compl. ¶¶ 1–4. In the Notice of Removal, plaintiff's motion to remand, and Sam's West's opposition, the parties address only the citizenship of Sam's West.[1]

Sam's West argues that there is complete diversity because it is a citizen of Delaware, where it is incorporated, and of Arkansas, where it holds its principal place of business. Notice of Removal ¶ 11; Opp'n at 3–4. To demonstrate its principal place of business, Sam's West has introduced its Business Entity Detail, obtained from the California Secretary of State's corporate search website, stating that the company's jurisdiction is Arkansas and the entity's address is in Arkansas. Dkt. 11-1, Ex F. In addition, Sam's West has submitted its Business Entity Detail, obtained from the Arkansas Secretary of State's corporate search website, which states the address of Sam's West's agent is in Arkansas. Id.

Plaintiff does not contest that Sam's West is incorporated in Delaware, but argues that the evidence Sam's West has submitted to show the location of its principal place of business is insufficient. Motion at 6. Plaintiff contests the evidence submitted by Sam's West because the Arkansas Business Entity Detail does not include an entry for "Principal Address." Notwithstanding this omission, the Court concludes that the Business Entity Details from California and Arkansas together are sufficient to satisfy Sam's West's burden of establishing its principal place of business in Arkansas. Therefore, the Court finds that Sam's West is diverse from plaintiff.[2]

---

[1] In its Notice of Removal, Sam's West contends that Wal-Mart and Sam's Club were erroneously served with the Complaint. Neither party further addresses this contention. However, it appears that Wal-Mart and Sam's Club may not be proper defendants in this action.

[2] Whether Sam's West has minimum contacts with the forum state is relevant only to the Court's personal jurisdiction over defendants, and does not determine whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-05531-CAS(AGRx) | Date | December 1, 2016 |
|---|---|---|---|
| Title | JENNIFER DARLIN HURT v. SAM'S CLUB ET AL. | | |

      Though plaintiff does not specify the amount in controversy in her complaint, Sam's West argues that the amount-in-controversy exceeds $75,000 because plaintiff prepared a settlement demand seeking at least $400,000. Notice of Removal ¶ 15; Opp'n at 4; dkt. 11-1, Ex B (settlement demand of $400,000 from plaintiff's counsel). Where, as here, a plaintiff demands a settlement greater than $75,000, "does not argue[] that the demand was inflated," and does not "disavow her letter or offer contrary evidence[,]" "the settlement demand is sufficient to establish the amount in controversy." Cohn, 281 F.3d at 840. Accordingly, the Court concludes that Sam's West has met its burden of establishing the jurisdictional amount.

   The Court finds that Sam's West is diverse from plaintiff and that the amount in controversy exceeds $75,000. Accordingly, the Court concludes that it may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court therefore **DENIES** plaintiff's motion to remand this action to state court.

### V.    CONCLUSION

      In accordance with foregoing, plaintiff's motion to remand this action to state court is **DENIED**.

      IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

federal court may exercise subject matter jurisdiction over a matter. See Motion at 9–10 (arguing that minimum contacts are sufficient to justify remand to state court).